**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50022 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00051-RGK-1 |
| v. | |
| JORGE BARRIGA GUZMAN, AKA Jorge Barriga, AKA Jorge Gomez Barriga, AKA Jorge Guzman, AKA Jorge Guzman Barriga, AKA Rodrigo Lopez Sarabia, AKA Ramon Sarabia Lopez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted April 11, 2022**

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Jorge Barriga Guzman appeals from the district court's judgment and

challenges the 89-month sentence imposed following his guilty-plea conviction for

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

illegal reentry following deportation, in violation of 8 U.S.C. § 1326. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Barriga Guzman contends that the district court procedurally erred by failing

to calculate his Guidelines range and by failing to explain the sentence by

reference to the 18 U.S.C. § 3553(a) sentencing factors. We review for plain error,

*see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and

conclude that there is none. The court explained that, based on the aggravating and

mitigating circumstances argued by the parties,[1] it would start with a "midrange"

sentence of 104 months and deduct 15 months to reflect half of the time Barriga

Guzman served on his state sentence after he was discovered by federal authorities.

This explanation reflects that the court was aware of the undisputed Guidelines

range. Although brief, it also "communicate[d] that the parties arguments ha[d]

been heard, and that a reasoned decision ha[d] been made." *United States v. Carty*,

520 F.3d 984, 992 (9th Cir. 2008) (en banc). Barriga Guzman has not shown a

reasonable probability that he would have received a lower sentence absent the

alleged errors. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Barriga Guzman also contends that his sentence is substantively

unreasonable because it creates a sentencing disparity with other similarly situated

---

[1] In addition to hearing the parties' arguments at the sentencing hearing, the court explained that it had reviewed the original and amended presentence report and the parties' sentencing papers.

defendants, this is his first illegal reentry offense, his prior offenses are remote in time, he reentered the United States to be with his family, and he provided other "extensive mitigating evidence." He further contends that the court should have departed downward by the full 30 months that the government delayed in charging him. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the § 3553(a) factors and the totality of the circumstances, including the nature of Barriga Guzman's prior convictions and his immigration history. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**